In the Matter of WILLIAM R. RAIKIN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 25, 1988

## APPEARANCES OF COUNSEL

*Gary L. Casella (Sylvia L. Fabriani* of counsel), for petitioner.

*William R. Raikin,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by the Appellate Division, Fourth Department, on May 23, 1950. In this proceeding to discipline the respondent, he was charged with 11 allegations of professional misconduct. The Special Referee sustained all the charges except charges two and seven. The petitioner moves to confirm in part, and disaffirm in part, the report of the Special Referee. The respondent moves to confirm said report in full.

Charge one alleged that the respondent was convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and section 691.7 (b) of the rules of this court (22 NYCRR), in that he was convicted upon his plea of guilty of one count of petit larceny (Penal Law § 155.25, a class A misdemeanor) on May 21, 1985, in the City Court of the City of Yonkers.

Charge two alleged that the respondent failed to file with this court a record of the above-mentioned conviction, within 30 days after said conviction as is mandated by Judiciary Law § 90 (4) (c).

Charge three alleged that after the respondent was retained in a negligence matter he signed, or caused to be signed, his client's name to a release without the client's knowledge or permission.

Charge four alleged that the respondent, in his capacity as a notary public, notarized the purported signature of his client on the aforementioned release when he knew or should have known that it was not his client's signature.

Charge five alleged that the respondent signed or caused to be signed the aforementioned client's name to a settlement check in the amount of $1,200 issued by an insurance company, without his client's knowledge or consent.

Charge six alleged that the respondent converted funds

entrusted to him when he negotiated the aforementioned insurance company check.

Charge seven alleged that the respondent issued a check to the aforementioned client drawn on his escrow account in the amount of $800 knowing that there were insufficient funds in said account to cover the check.

Charge eight alleged that after the respondent was retained by a client to seek a court order for an abatement of rent, he was to hold in escrow monthly rentals totaling $1,878.88 until certain repairs were made by the landlord, and that thereafter he failed to deposit into the account part of the funds collected from his client and failed to maintain a balance of at least $1,878.88.

Charge nine alleged that the respondent wrote a check payable to the aforementioned landlord in the amount of $1,878.88 when he knew or should have known that there were insufficient funds in the account to cover said check.

Charge ten alleged that after the respondent was retained to represent clients in the sale of their cooperative apartment he received $5,000 from the purchasers and converted said funds to his own use.

Charge eleven alleged that the respondent issued a check in the amount of $5,015 payable to the order of the last aforementioned clients; that said check was returned by the bank marked "insufficient funds" and that the respondent knew or should have known that he did not have sufficient funds in the account to cover the check.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee except for his failure to sustain charges two and seven. As to the second charge, the evidence is clear that the respondent did not comply with Judiciary Law § 90 (4) (c) which mandates that when an attorney is "convicted of a crime * * * the attorney shall file, within thirty days thereafter, with the appellate division of the supreme court, the record of such conviction". As to charge seven, we find credible the client's testimony that indicated that when she deposited the respondent's check in the amount of $800 it was returned to her for insufficient funds.

We therefore find that the respondent is guilty of all of the misconduct outlined above. The petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee

should be granted and the respondent's motion should be denied to the extent indicated above.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the serious personal problems confronting the respondent during the years when the misconduct took place. Nevertheless, the misconduct is of a most serious nature and must be dealt with severely. Accordingly, the respondent should be, and hereby is, disbarred and his name is ordered stricken from the roll of attorneys and counselors-at-law.

MOLLEN, P. J., MANGANO, BRACKEN, BROWN and KUNZEMAN, JJ., concur.